CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 23 2010

JULIA DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERENCE JUANTE CRAWLEY, | ) |
| Plaintiff, | ) Case No. 7:10CV00550 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| ORIS J. LILLY III, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiff Terence Juante Crawley, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Crawley alleges that the defendant police officers violated his constitutional rights on the occasion of a traffic stop after which he was arrested. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Crawley alleges the following events on which he bases his claims. On January 4, 2010, State Trooper Oris J. Lilly III made a traffic stop of Crawley's vehicle in Wytheville, Virginia. Trooper Burton R. Edwards arrived in a separate patrol car about fifteen minutes later to assist with the stop. Working together, the two officers searched Crawley's vehicle without his consent and without a search warrant. Burton's patrol car was equipped with videotape equipment, which filmed the officers' actions as they searched the car. After the search, the officers arrested Crawley without an arrest warrant. At some time thereafter, however, Burton allegedly destroyed the videotape recording of the search.

Crawley sues both officers, asserting that Lilly did not have probable cause to execute the traffic stop; that the officers unlawfully searched the vehicle without a warrant, Crawley's consent, or probable cause; that they unlawfully arrested Crawley without a warrant or probable cause; and that Burton prevented Crawley from defending himself against the resulting criminal charges by destroying the videotape recording of the events. Crawley seeks monetary damages for emotional trauma and lost wages. Crawley expressly states that the officers' actions were "the cause of [his] incarceration."

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Under 28 U.S.C. § 1915A(b)(1), the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted. After a review of Crawley's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

Crawley is primarily complaining that the illegal traffic stop, search, and arrest, and the destruction of the videotape recording caused him to be wrongfully convicted. Claims of this nature are not actionable under § 1983 unless the resulting convictions have been overturned or set aside. The United States Supreme Court has held that

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

> executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted) (emphasis in original). If Crawley could prove that the warrantless traffic stop, search, and arrest were illegal and that they were the "cause" of his conviction and sentence, as he alleges, such a finding would necessarily imply that his convictions were invalid. See U.S. Const., amend. IV (protecting citizens against "unreasonable searches and seizures" by state officials); United States v. Bush, 404 F.3d 263, 275 (4th Cir. 2005) (quoting Mincey v. Arizona, 437 U.S. 385, 390 (1978)). As Crawley has not offered any allegation or evidence that his convictions have been overturned or expunged, any cause of action for damages which he may have against anyone for wrongful actions that contributed to those convictions has not yet accrued. Id. Therefore, Crawley's § 1983 complaint regarding the alleged wrongfulness of his convictions and the adverse consequences he has suffered are not yet actionable under § 1983. Accordingly, the court will dismiss these claims, pursuant to § 1915A(b)(1), for failure to state a claim on which relief can be granted. An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days

of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 22ᵈ day of December, 2010.

                                                Chief United States District Judge